JOURNAL ENTRY AND OPINION
Defendant-appellant Litrell Chapman, pro se, appeals from the denial of his January 30, 2001 motion for a new trial. For the reasons adduced below, we dismiss the notice of appeal.
A review of the record on appeal indicates that Chapman was convicted by a jury in April of 1997 for the 1996 aggravated murder of David White. This conviction, which included convictions for aggravated burglary and aggravated robbery, was affirmed on direct appeal but remanded for re-sentencing. See State v. Chapman (Jul. 2, 1998), Cuyahoga App. No. 72532, unreported, 1998 Ohio App. LEXIS 3042, motion for delayed appeal denied in (1999), 87 Ohio St.3d 1419.
On January 30, 2001, approximately three years and eight months after the verdict, appellant filed a motion for a new trial pursuant to Crim.R. 33, presenting nine assignments of error. The motion argued a litany of alleged errors in his trial and, in addition, newly discovered evidence after his trial that two state witnesses (Clinton Robinson and Timothy Larkin) had altered their testimony during the trial of appellant's co-defendant (Alonzo Quinnie) from that which they had testified in appellant's trial. Appellant claimed in his motion that these two witnesses had testified in his trial that they observed appellant and his co-defendants (Alonzo Quinnie and Willis McNeal[1]) enter the decedent's apartment. Then appellant claimed in his motion that these two state witnesses testified in Quinnie's trial that they never saw anyone enter the decedent's apartment, "but saw people standing outside." See motion for new trial at 10; assignment of error 6, infra. Appellant claims that these two state witnesses committed perjury by altering their testimony. The trial court denied this motion without an evidentiary hearing, using a one-sentence perfunctory ruling, on February 5, 2001. Thereafter, on February 15, 2001, the prosecutor filed a brief in opposition to the motion for a new trial. On March 8, 2001, the trial court, inexplicably, again denied the motion for new trial.[2]
On June 14, 2001, appellant filed his notice of appeal from the denial of his motion for a new trial. A transcript of appellant's trial, and of co-defendant Alonzo Quinnie's trial, is absent from the record on appeal.
Appellant presents nine assignments of error on appeal, essentially mirroring those nine assignments previously raised in his motion for new trial. The nine assignments of error, which will be analyzed jointly since they all concern the application of Crim.R. 33, provide the following:
 1. LIRELL (sic) CHAPMAN (sic) RIGHT TO A FAIR TIAL (sic) GUATANTEED (sic) BY THE DUE PROCESS PROVISION OF ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT FAILED TO GIVE THE DEFENDAT (sic) A COMPETENCY TEST WHEN HIS COMPETENCY WAS IN QUESTION.
 2. LITRELL CHAPMAN (sic) RIGHT TO A FAIR TRIAL GUARATEED (sic) BY THE DUE PROCESS PROVISIPN (sic) OF ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION AND THE FOURTEENTH (sic) OF THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT FAILED TO SUPRESS (sic) A WRITTEN STATEMENT THAT RESULTED FROM THE DEFENDANT BEING DENIED A TELEPHONE CALL TO CONSULT COUNSEL.
 3. LITRELL CHAPMAN (sic) RIGHT TO A FAIR TRIAL GUARANTEED BY THE DUE PROCESS PROVISION OF ARTICL (sic) ONE SETION (sic) SIXTEEN OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN A STATE WITNESS TESTIFIED TO A STATEMENT THAT WAS ORDERED SUPPRESS (sic).
 4. LITRELL CHAPMAN WAS DENIED A FAIR TRIL (sic) GUARANTEED BY THE DUE PROCESS PROVISION OF ARTICE (sic) ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT ALLOWED THE PROSECUTION TO USE EVIDENCE THAT WAS HIGHLY PREJUDICE (sic) AND HAD NO RELAVANCE (sic).
 5. LITRELL CHAPMAN WAS DENIED THE RIGHT TO A FAIR TRIAL GUARANTEED BY THE DUE PROCESS PROVISION OF ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT ALLOWED THE PROSECUTION TO USE EVIDENCE THAT CAME (sic) A VIOLATION OF THE DEFENDANT (sic) FOURTH AMENDMENT RIGHT.
 6. LITRELL CHAPMAN (sic) RIGHT TO A FAIR TRIAL GUARANTEED BY THE DUE PROCESS PROVISION OF ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION AND THE FOURTEEN (sic) CONSTITUTION OF THE UNTED (sic) STATES WERE VIOLATED WHEN THE PROSECUTION LEARNED AFTER TRIAL BOTH STAR WITNESS (sic) FOR THE STATE COMMITTED PREJURY (sic) AND FAILED TO CORRECT IT WHICH MADE THE VEDICT (sic) UNRELIABLE.
 7. LITRELL CHAPMAN (sic) RIGHT TO A FAIR TRIAL GUARANTEED BY THE DUE PROCESS PROVISION OF ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT ALLOWED A WITNESS TO TESTIFY WHO STATED HE WAS THREATEN (sic) AND COERCED BY THE DETECTIVES WITH (sic) OUT MAKING INQUIRY INTO IT.
 8. LITRELL CHAPMAN (sic) RIGHT TO A FAIR TRIAL GUARANTEED BY THE DUE PROCESS PROVISION OF ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THR (sic) UNITED STATES CONSTITUTION WERE VIOLATED BY THE MISSTATEMENTS THE PROSECUTION MADED (sic) ABOUT GUN NOT IN EVIDENCE.
 9. LITRELL CHAPMAN WAS DENIED THE RIGHT TO EFFECTIVE ASSITANCE (sic) OF COUNSEL AS GUARANTEED BY ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION AND THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN COUNSEL FAIL (sic) BELOW STANDARDS.
A threshold matter in any appeal is whether the appellate court has jurisdiction to entertain the appeal. The primary jurisdictional hurdle in any appeal from a trial court decision in this state is whether the notice of appeal has been timely filed.
App.R. 3(A) mandates that the appealing party file a notice of appeal with the clerk of the trial court within the time period allowed by App.R. 4.
App.R. 4(A) requires that the appealing party file its notice of appeal "within thirty days of the later of entry of the judgment or order appealed * * *." A judgment or order is entered when it is filed for journalization. App.R. 4(D), Crim.R. 32(C).
This general thirty-day rule contains a number of exceptions, of which App.R. 4(B)(3) is relevant to the facts of this appeal. App.R. 4(B)(3), which applies to criminal post-judgment motions, states the following:
 In a criminal case, if a party timely files a motion for arrest of judgment or a new trial for a reason other than newly discovered evidence, the time for filing a notice of appeal begins to run when the order denying the motion is entered. A motion for a new trial on the ground of newly discovered evidence made within the time for filing a motion for a new trial on other grounds extends the time for filing a notice of appeal from a judgment of conviction in the same manner as a motion on other grounds. If made after the expiration of the time for filing a motion on other grounds, the motion on the ground of newly discovered evidence does not extend the time for filing a notice of appeal.
With regard to appellant herein, App.R. 4(B)(3) requires that the thirty-day filing period, for new trial motions alleging reasons other than newly discovered evidence, begins to run "when the order denying the motion is entered." In the present case, the order denying the motion for new trial was entered on Monday, February 5, 2001. Thus, appellant had to file his notice of appeal by Wednesday, March 7, 2001. Appellant's June 14, 2001 notice of appeal from the denial of his motion for new trial was untimely.
With regard to a motion for a new trial based on newly discovered evidence, the notice of appeal filing period contained within App.R. 4(B)(3) differentiates between motions for new trial made within the time permitted for such motions, and for motions for new trial made after theexpiration of the time for such a motion.
In a jury trial situation, a motion for new trial based on newly discovered evidence must be filed within one hundred twenty (120) days "after the day upon which the verdict was rendered." See Crim.R. 33(B). Appellant's motion for new trial based on newly discovered evidence was clearly untimely since it was filed approximately three years and eight months after the jury verdict was rendered. Accordingly, the motion for new trial must be treated as having been filed after the expiration of the filing period for the motion.
As a newly discovered evidence motion for new trial made after the expiration of the normal one-hundred-twenty-day period, Crim.R. 33(B) requires that the movant file such a motion within seven (7) days "from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." In the present case, there was no order by the trial court finding that movant-appellant was unavoidably prevented from discovering the allegedly newly discovered evidence within the one-hundred-twenty-day period, yet it is a fact that the movant-appellant filed his motion for new trial on January 30, 2001. Therefore, we will assume that appellant was unavoidably prevented from discovering the evidence upon which he relied, giving the appellant the benefit of any doubt, and use the January 30, 2001 filing as being a timely-filed motion based on newly discovered evidence outside the one-hundred-twenty-day period. Pursuant to App.R. 4(A) and (B), appellant's notice of appeal had to be filed within thirty days from the denial of this motion. The order denying the motion for new trial was entered on Monday, February 5, 2001. Thus, appellant had to file his notice of appeal by Wednesday, March 7, 2001. Appellant's June 14, 2001 notice of appeal from the denial of his motion for new trial was untimely.
Despite the untimeliness of appellant's notice of appeal in a criminal case, App.R. 5(A) must be considered. App.R. 5(A) provides:
 Rule 5. Appeals by leave of court in criminal cases.
 (A) Motion by defendant for delayed appeal. After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney. (Emphasis added.)
In the present case, appellant never made a motion for leave to file a delayed appeal with this court of appeals. Accordingly, appellant cannot claim the protection of App.R. 5(A) to save his untimely notice of appeal.
Lacking a timely notice of appeal, delayed or otherwise, this court lacks jurisdiction to entertain the merits of the denial of the motion for a new trial and must dismiss the notice of appeal. City of Clevelandv. Zakaib, supra.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
MICHAEL J. CORRIGAN, J., and DIANE KARPINSKI, J., CONCUR.
[1] Alonzo Quinnie's convictions for aggravated murder, aggravated burglary, and aggravated robbery, each with firearm specifications, were affirmed in State v. Quinnie (Jul. 9, 1998), Cuyahoga App. No. 72580, unreported, 1998 Ohio App. LEXIS 3158, reopening of appeal denied inState v. Quinnie (Dec. 21, 2000), Cuyahoga App. No. 72580, unreported, 2000 Ohio App. LEXIS 6223.
Willis McNeal's guilty plea to murder, with a firearm specification, was affirmed in State v. McNeal (Apr. 5, 2001), Cuyahoga App. No. 77977, unreported, 2001 Ohio App. LEXIS 1596.
[2] The period for filing an appeal cannot be extended by re-filing the judgment. City of Cleveland v. Zakaib (Oct. 12, 2000), Cuyahoga App. Nos. 76928, 76929, 76930, unreported, 2000 Ohio App. LEXIS 4756 at 5.